1  ROBERT S. LARSEN, ESQ.
   Nevada Bar No. 7785
2  JING ZHAO, ESQ.
   Nevada Bar No. 11487
3  GORDON REES SCULLY MANSUKHANI, LLP
   300 South 4th Street, Suite 1550
4  Las Vegas, Nevada  89101
   Telephone:  (702) 577-9300
5  Facsimile:  (702) 255-2858
   E-Mail: rlarsen@grsm.com
6          jzhao@grsm.com

7  *Attorneys for Defendant*

8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF NEVADA

10

11  KALIFANO, INC.,                          )  Case No.:
                                             )
12                         Plaintiff,        )  EJDC Case No. A-19-793644-C
                                             )
13  vs.                                      )  **PETITION FOR REMOVAL**
                                             )  **FROM STATE COURT UNDER 28**
    SIERRA HEALTH AND LIFE INSURANCE         )  **U.S.C. § 1331**
14  COMPANY, INC.; a Nevada corporation; and DOES )
    1-10 and ROE CORPORATIONS 11-20 inclusive, )  **(FEDERAL QUESTION)**
15                                           )
                           Defendants.       )
16  _____)

17         Defendant Sierra Health and Life Insurance Company, Inc. ("Sierra"), by and through its

18  counsel, removes the above-captioned action, currently pending in the Eighth Judicial District

19  Court of Clark County, Nevada ("State Court"), to the United States District Court for the

20  District of Nevada.   Removal is appropriate on the grounds of federal question jurisdiction

21  pursuant to 28 U.S.C. § 1331 and is authorized by 28 U.S.C. §§ 1441 and 1446.  This action

22  relates to employee health care plans, and each claim is preempted by 29 U.S.C. § 1144(a) of the

23  Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*

24  **I.     STATE COURT ACTION**

25         1.     On or about April 25, 2019, Plaintiff Kalifano, Inc. ("Plaintiff") filed suit in the

26  matter of *Kalifano, Inc. v. Sierra Health and Life Insurance Company, Inc.*, in State Court, Case

27  No. A-19-793644-C (the "State Court Action").   A true and correct copy of the Complaint is

28  attached as **Exhibit A**.

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

2.      Plaintiff and Sierra entered into a contract for Sierra to provide health care coverage for Plaintiff's employees ("Sierra Health Plan").  Plaintiff seeks to recover payments of over $15,000.00, allegedly paid in excess, to Sierra for health benefits under the Sierra Health Plan for Plaintiff's employee Ismat Khalaf ("Mr. Khalaf").  (Exhibit A, Complaint, ¶¶ 26, 36, 44, 50, 57, 63, 68, 72).

3.      The State Court Action is properly removed to the United States District Court for the District of Nevada pursuant to ERISA, 29 U.S.C. § 1001, *et seq.* and each claim for relief contained in the State Court Action is preempted.

## II.     ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

1.      A true and correct copy of the entire court file, including all process and pleadings served upon Sierra, is attached as Exhibit A pursuant to 28 U.S.C. § 1446(a), and is incorporated by this reference.

2.      Plaintiff's Complaint was filed in State Court on or about April 25, 2009. (Exhibit A, Complaint, generally).

3.      On or about May 9, 2019, Sierra's resident agent CT Corporation received service of the Summons and Complaint.

4.      Sierra is the only named defendant and files this petition in support of its request to remove this action to the United States District Court for the District of Nevada. 28 U.S.C. § 1446(b).

5.      Sierra has filed and served a Petition for Removal within 30 days of receipt of the Summons and Complaint.  Accordingly, the Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

6.      The United States District Court for the District of Nevada embraces the locality in which the State Court Action is now pending, making this Court the proper forum pursuant to 28 U.S.C. § 1441(a).

7.      No previous application has been made for the relief requested herein.

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of the Petition for Removal is being

1    served on Plaintiff, and a copy is being filed with the State Court.

2        9.    If any question arises regarding the propriety of this removed action, Sierra

3    respectfully requests the opportunity to present briefing and/or oral argument in support of its

4    position that this case is removable.

5    **III.    REMOVAL IS PROPER BECAUSE THE COURT HAS ORIGINAL**

6    **JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441 and 29 U.S.C.**

7    **§1132(a)**

8        1.    A defendant may remove to the appropriate United States District Court "any civil

9    action brought in a state court of which the district courts of the United States have original

10   jurisdiction." 28 U.S.C. § 1441(a). The United States District Courts have original jurisdiction

11   under the federal question statute over cases "arising under the Constitution, laws, or treaties of

12   the United States." 28 U.S.C. §§ 1331 and 1441(b).

13       2.    This Court has original jurisdiction over the State Court Action under 28 U.S.C. §

14   1331, and Sierra's removal is proper under 28 U.S.C. § 1441(b) because the State Court Action

15   arises under the provisions of ERISA 29 U.S.C. § 1001 *et. seq.,* including 29 U.S.C §§ 1132(a)

16   and 1144(a). The District Courts of the United States have original jurisdiction over, and Federal

17   ERISA law controls, actions brought to recover benefits and to enforce rights under employee

18   health care plans. 29 U.S.C. §1132(e)(1); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987). "It

19   is long settled law that a cause of action arises under federal law only when the plaintiff's well-

20   pleaded complaint raises issues of federal law." *City of Chi. v. Int'l College of Surgeons,* 522

21   U.S. 156, 163 (1997), citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987).

22       3.    Title 29 U.S.C. § 1002(1) defines an "employee welfare benefit plan" or "welfare

23   plan" as "any plan, fund, or program which was heretofore or is hereafter established or

24   maintained by an employer or by an employee organization, or by both, to the extent that such

25   plan, fund, or program was established or is maintained for the purpose of providing for its

26   participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical,

27   surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, death

28   or unemployment . . ."

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

4. Sierra provided coverage under an employer health care plan to Plaintiff's employees ("Sierra Health Plan"). Plaintiff seeks to recover payment of over $15,000.00, allegedly in excess, to Sierra under the Sierra Health Plan for Plaintiff's employee Ismat Khalaf ("Mr. Khalaf"). (Exhibit A, Complaint, ¶¶ 26, 36, 44, 50, 57, 63, 68, 72). This action arises under ERISA in that Plaintiff seeks to recover payment for employee health care coverage based on an employer based plan governed by ERISA. (Exhibit A, Complaint, ¶¶ 6-69).

5. Specifically, Plaintiff alleges "[Plaintiff] entered into a contract with [Sierra] for provision of health care coverage for its employees." (Exhibit A, Complaint ¶ 6). Further, "[a]t the inception of the Sierra Health Plan, among others, [Mr. Khalaf] was an employee with [Plaintiff] and a Nevada resident, who became enrolled in the Sierra Health Plan." (Exhibit A, Complaint, ¶ 10).

6. Plaintiff's Complaint alleges causes of action against Sierra for Fraud, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing/Common Law Bad Faith, Mutual Mistake, Unilateral Mistake, Negligent Misrepresentation, Unjust Enrichments, and Declaratory Relief. (Exhibit A, Complaint, ¶¶ 20-74). Each of Plaintiff's causes of action is premised on a breach of the Sierra Health Plan and payment Plaintiffs made to Sierra on behalf of Mr. Khalaf under the Sierra Health Plan. (Exhibit A, Complaint, ¶¶ 6, 10.)

7. Although Plaintiff's Complaint does not specifically reference a cause of action under ERISA, ERISA applies to an employee health care coverage plan. 29 U.S.C. § 1002(1). Plaintiff seeks recovery for payments made to Sierra on behalf of Plaintiff's employee for coverage under the Sierra Health Plan. Therefore, complete preemption under ERISA applies, as Plaintiff's claims all fall within the scope of ERISA's civil enforcement provision under 29, U.S. C. § 1132(a), and relates to ERISA plans under 28 U.S.C. 1144(a).

8. ERISA exclusively governs the enforcement of rights under ERISA plans. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987). Title 29 U.S.C. § 1132(a) sets forth ERISA's civil enforcement provision and provides that a civil action may be brought by a plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

Each of Plaintiff's claims is premised on a breach of a health care coverage contract based on an ERISA governed health care plan, thus falling within the scope of ERISA's civil enforcement provision.

9.      Pursuant to 29 U.S.C. §1132(e)(1), both the Federal and state courts have concurrent jurisdiction when a plaintiff is seeking to recover benefits under ERISA.  State action to enforce benefit rights is a federal question, thus Sierra's removal of Plaintiff's claims pursuant to a plan regulated by ERISA to this Court is proper.  See *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

10.     In addition, ERISA "supersede[s] any and all state laws insofar as they may now or hereafter relate to any employee benefit plan…."  29 U.S.C. §1144(a).  The United States Supreme Court has given the phrase "relate to" an expansive meaning, holding that a state law "relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan."  *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96-97 (1983).  ERISA preemption applies if the state law claim seeks the benefits under an ERISA plan.  *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 209-211 (2004); see *Tingey v. Pixley-Richards West, Inc.,* 953 F.2d 1124, 1131 (9th Cir. 1992) (holding that plaintiff's state law claims "spring from the handling and disposition of [his] medical benefits insurance claim, and thus are subject to preemption.").

11.     ERISA preemption is not limited to statutes and rules, but also includes common law causes of action related to ERISA plans.  *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47-48, 107 S. Ct. 1549, 1552-53 (1987).  ERISA's preemptive provisions are "deliberately expansive."  *Id.* at 45-46.

12.     Thus, Plaintiff cannot bypass ERISA preemption by avoiding references to ERISA in its pleadings.  While removal is improper unless a federal claim appears on the face of a well-pleaded complaint, s*ee Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10 (1983), a court may characterize a plaintiff's claims as Federal if the conduct complained of is governed exclusively by Federal law, *Redwood Theatres, Inc. v. Festival Enterprises, Inc.,* 908 F.2d 477, 479 (9th Cir. 1990); *Sullivan v. First Affiliated Securities, Inc.,* 813 F.2d 1368, 1372 (9th Cir. 1987) ["plaintiff cannot defeat removal by masking or 'artfully

pleading' a federal claim as a state claim"]; *see also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65-66 (1987) [Supreme Court holds that ERISA completely preempts and transforms plaintiff's state law claim into a Federal claim].

13.     Plaintiff alleges claims pursuant to the breach of a health care coverage contract based on an ERISA governed health care plan.  Therefore, Plaintiff stands in the shoes of the ERISA participants and can only sue for recovery under ERISA.  As a result, ERISA completely preempts Plaintiff's state law causes of action, and Sierra can properly remove this action to a United States District Court.  *See Misic v. The Building Service Employees Health and Welfare Trust,* 789 F.2d 1374, 1379 (9th Cir. 1986) (dentist permitted to sue under ERISA for claims derivative of those of plan participants), *See also Mackey v. Lanier Collection Agency & Serv.,* 486 U.S. 825, 108 S. Ct. 2182 (1988).

## IV.    **CONCLUSION**

For the foregoing reasons, the State Court Action may be removed to the United States District Court for the District of Nevada, the federal district court for the district and division embracing Clark Country.  *See* 28 U.S.C. § 1441(a).  Sierra respectfully requests that the Court assume full jurisdiction over this action as if Plaintiff had originally filed its claims in this Court.

DATED this 30th day of May, 2019.

GORDON REES SCULLY
MANSUKHANI, LLP


*/s/ Robert S. Larsen*
Robert S. Larsen, Esq.
Nevada Bar No. 7785
Jing Zhao, Esq.
Nevada Bar No. 11487
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101

*Attorneys for Defendant*

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on the 30th day of May, 2019, and pursuant to Fed. R. Civ. Pro. 5, I served via CM/ECF and/or deposited for mailing in the U. S. Mail, a true and correct copy of the foregoing PETITION FOR REMOVAL FROM STATE COURT was served upon those persons designated by the parties in the E-Service Master List upon the following:

Jesse M. Sbaih, Esq.
Ines Olevic-Saleh, Esq.
JESSE SBAIH & ASSOCIATES, LTD
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, NV 89012
*Attorneys for Plaintiff*

/s/ Gayle Angulo
An Employee of GORDON REES SCULLY
MANSUKHANI, LLP

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

EXHIBIT "A"

Electronically Filed
4/25/2019 4:48 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
JESSE SBAIH & ASSOCIATES, LTD.
Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel     (702) 896-2529
Fax     (702) 896-0529
jsbaih@sbaihlaw.com

*Attorneys for Plaintiff*

CASE NO: A-19-793644-C
Department 4

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| KALIFANO, LLC, | Case No.: |
| Plaintiff, | Dept. No.: |
| vs. | **COMPLAINT** |
| SIERRA HEALTH AND LIFE INSURANCE COMPANY, INC., a Nevada Corporation; DOES 1-10 and ROE CORPORATIONS 11-20, inclusive; | **&** |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | **Exempt from Arbitration** **(Equitable and Declaratory Relief Requested NAR 3(A))** |

COMES NOW Plaintiff KALIFANO, LLC. ("Kalifano" or "Plaintiff"), by and through its attorneys of record, Jesse Sbaih & Associates, Ltd., and hereby complains, avers and alleges as follows:

### I.

### PARTIES

1.    At all times relevant herein, Kalifano was a Nevada limited liability company conducting business in Clark County, Nevada.

2.    Plaintiff is informed and believes and thereon alleges that, at all times relevant herein, Defendant Sierra Health and Life Insurance Company, Inc. ("Sierra Health") was a Nevada corporation and has been doing business in Clark County, Nevada.

3.      Based on information and belief, at all relevant times, Sierra Health, DOES 1-10, and ROE CORPORATIONS 11-20 (collectively "Defendants") were the partners, joint ventures, agents, co-conspirators, servants, and employees of each of the other Defendant herein, and were acting at all relevant times within the scope, purpose and authority of said partnership, joint venture, agency, service, employment, and conspiracy, and with the knowledge, consent, permission, acquiescence, and ratification of their co-defendants.

4.      Plaintiff is informed and believes and thereon alleges that all Defendants are the alter egos of one another, despite their respective registration with the secretaries of state in which the Defendants are incorporated or registered in that, inter alia, all the Defendants have common officers, members and directors, and owners.  Adherence to the separate existence of these Defendants as an entity distinct from one another would permit an abuse of corporate privilege and would sanction a fraud in common.

5.      The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as Does 1-10 and Roe Corporations 11-20, inclusive, who are in some manner responsible for the injuries described herein, are unknown to Plaintiff at this time who therefore sues said Defendants by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

## II.

## GENERAL FACTUAL ALLEGATIONS

6.      In or about August 22, 2001, Kalifano Inc., predecessor in interest to Kalifano, entered into a contract with Sierra Health for provision of health care coverage for its employees ("Sierra Health Plan").

7.      Based on information and belief, the operative documents for Sierra Health Plan has been the Group Enrollment Agreement (the "GEA"), and the Small Business Certificate of Coverage (the "COC").

8.      In relevant part, the GEA states as follows:

**Article 1: Glossary of Defined Terms**
**Eligible Persons** – Eligible Employee of Group and their Eligible Family Member(s) (if any).  Coverage of board members is not permitted, without prior review and approval by the Underwriting Department. Coverage of retirees is not permitted, unless required by law.  Sole proprietor only, owner-only groups (partnerships) and husband/wife groups are not eligible.  Coverage of retirees is not permitted.

…

**Out of Area** – Eligible Employee of Group and their Eligible Family Members(s) (if any) who permanently work outside of Nevada.

…

**Article 4: Eligibility and Enrollment**
**4.1. Eligibility Conditions or Rules**
Eligible Persons shall be those persons who meet the criteria set forth in the Section 1: *Eligibility, Enrollment and Effective Date* of the Certificate of Coverage and such additional requirements as are set forth in this Agreement and the eligibility conditions or rules for each class are stated in the corresponding Exhibit 2, which is attached hereto.

…

**4.9. Out of Area Membership**
No more than 25% of the enrolled subscribers may permanently work in out of area (OOA) locations. Our products are not available in Florida, Hawaii, or Vermont.

9.    In relevant part, the COC states as follows:

**SECTION 1. Eligibility, Enrollment and Effective Date**
Subscribers and Dependents who meet the following criteria are eligible for coverage under this Certificate.

**1.1 Who Is Eligible**
**Subscriber**. To be eligible to enroll as a Subscriber, an employee must be an employee of the enrolling Group or other person whose connection with the Enrolling Group meets the eligibility requirements specified in both the application and the policy and meet the following criteria:

- Be employed full-time;
- Be in an active employment status;
- Work at least the minimum number of hours per week indicated by the Group in its Attachment A to the Group Enrollment Agreement (GEA);
- Meet the applicable waiting period indicated by the Group in its Attachment A to the GEA;
- Enroll during an enrollment period; and

- Work for an employer that meets the Minimum Employer Contribution Percentage for the applicable coverage as set forth in the Attachment A to the GEA.

…

**1.3 Changes In Eligibility Status**

It is the Subscriber's responsibility to give SHL written notice within thirty-one (31) days of changes which affect his Dependent's eligibility. Changes include, but are not limited to:
- Reaching the limiting age.
- Ceasing to satisfy the mental or physical handicap requirements.
- Death.
- Divorce.
- The Eligible Person and/or Dependent loses eligibility under Medicaid or Children's Health Insurance Program (CHIP). Coverage will begin only if SHL receive the completed enrollment form and any required Premium within 60 days of the date coverage ended.
- Any other event which affects a Dependent's eligibility.

If the Subscriber fails to give notice which would have resulted in termination of coverage, SHL shall have the right to terminate coverage in accordance with the Group Enrollment Agreement.

10.    At the inception of the Sierra Health Plan, among others, Ismat Khalaf ("Mr. Khalaf") was an employee with Kalifano and a Nevada resident, who became enrolled in the Sierra Health Plan.

11.    In or about 2005, Mr. Khalaf moved to the country of Jordan and then to China to work for Kalifano's international operation.  Mr. Khalaf continued to be a Kalifano full time employee.

12.    Neither the GEA nor the COC applicable to Sierra Health Plan state that Sierra Health Plan does not provide health benefits to employees who reside outside of the United States, that an employee's move outside of the USA makes them ineligible under the Sierra Health Plan, or that an employee's move outside of the United States needs to be reported to Sierra Health.  *See supra* relevant portions of the GEA and the COC.

13.    At no time prior to July 17, 2017 did Sierra Health or any of its agents advise Kalifano that the Sierra Health Plan does not provide health benefits to employees who reside out of the United States, that an employee's move outside of the United States makes them ineligible under the Sierra

Health Plan, or that an employee's move outside of the United States needs to be reported to Sierra Health.

14.     However, Sierra Health continued to charge Kalifano for Mr. Khalaf's health benefits under the Sierra Health Plan.

15.     On or about July 17, 2017, to Kalifano's shock and for the first time, Sierra Health informed Kalifano that Mr. Khalaf is not eligible for coverage and has in fact not been covered by the Sierra Health Plan since Mr. Khalaf moved outside the United States in 2005 because Sierra Health does not provide coverage to employees residing outside of the United States.

16.     Sierra Health terminated Mr. Khalaf's coverage retroactively, effective May 31, 2017.

17.     Shortly thereafter, Kalifano requested a refund from Sierra Health for health insurance premiums paid on behalf of Mr. Khalaf from the time he moved out of the USA through May 31, 2017.

18.     In response, on or about December 5, 2017, Sierra Health, recognizing its fraud and/or mistake, issued a refund, but only in the amount of $3,972.35, sixty (60) days-worth of premiums.

19.     To date, although Sierra Health refunded Kalifano sixty (60) days-worth of premiums and despite Kalifano's repeated requests, Sierra Health has refused to refund Kalifano for the premiums it paid for Mr. Khalaf's health insurance premiums since Mr. Khalaf moved out of the United States in 2005 until May 31, 2017.

## FIRST CLAIM FOR RELIEF

### (Fraud)

20.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 above as if fully incorporated herein.

21.     Plaintiff pleads this claim for relief in the alternative and without any prejudice to or any waiver of any other claim asserted in this Complaint.

22.     Defendant failed to inform the Plaintiff that the Sierra Health Plan does not provide health benefits to Kalifano's employees who reside abroad.

23.     Defendant knew that Sierra Health Plan does not provide health benefits to Kalifano's employees residing abroad.

24.     Defendant intended to induce Kalifano to continue to pay for Mr. Khalaf's health benefits while he lives abroad based upon its failure to inform Kalifano that Sierra Health Plan does not provide health benefits to Kalifano's employees living abroad.

25.     Kalifano justifiably relied on Defendant's failure to inform Kalifano that Sierra Health Plan does not provide health benefits to employees living abroad.

26.     As a direct and proximate result of Defendant's failure to inform Kalifano that Sierra Health Plan does not provide health benefits to employees living abroad, Plaintiff has suffered actual, special, and consequential damages in excess of $15,000.00.

27.     The conduct by Defendant, as described herein, was fraudulent, malicious, and oppressive under NRS 42.005, entitling Plaintiff to an award of punitive damages.

28.     As a further, direct, and proximate result of Defendant's fraudulent conduct, Plaintiff has been compelled to retain attorneys to prosecute this action.  Therefore, Plaintiff is entitled to an award of attorney fees.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

29.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 as though fully set forth herein.

30.     Plaintiff pleads this claim for relief in the alternative and without any prejudice to or any waiver of any other claim asserted in this Complaint.

31.     The Sierra Health Plan formed a legal and binding contract between Plaintiff and Defendant.

32.     Under the Sierra Health Plan, Defendant was obligated to provide Mr. Khalaf with health insurance benefits while he is an eligible employee.

33.     At all times relevant, Plaintiff, on behalf of Mr. Khalaf, paid Defendant the premiums due and owing under the Sierra Health Plan.

34.     Plaintiff satisfied, or has been excused from performing, all conditions precedent under the Sierra Health Plan.

35.     Defendant materially breached the Sierra Health Plan when it failed to provide health insurance benefits to Mr. Khalaf, an eligible employee, as required under the Sierra Health Plan.

36.     As a direct and proximate result of Defendant's breach of the Sierra Health Plan, Plaintiff sustained actual, consequential, and special damages in excess of $15,000.00.

37.     Plaintiff has been compelled to engage the services of an attorney to prosecute this action and is entitled to an award of attorney's fees and costs incurred herein.

### THIRD CLAIM FOR RELIEF

**(Breach of Covenant of Good Faith and Fair Dealing/Common Law Bad Faith)**

38.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37 as though fully set forth herein.

39.     Plaintiff pleads this claim for relief in the alternative and without any prejudice to or any waiver of any other claim asserted in this Complaint.

40.     Implied in the subject health insurance policy, and every contract, is a covenant of good faith and fair dealing.

41.     At all times relevant, Plaintiff, to its detriment, satisfied his obligations under the Sierra Health Plan, and under the covenant of good faith and fair dealing.

42.     Defendant breached the covenant of good faith and fair dealing by failing to provide health benefits to Mr. Khalaf as required by the Sierra Health Plan.

43.     As a direct and proximate result of Defendant's breach of the covenant of good faith and fair dealing, Plaintiff sustained general, special, and consequential damages in an amount in excess of $15,000.00.

44.     The extreme and outrageous conduct described herein was malicious and oppressive, and caused Plaintiff to suffer extreme physical, mental, and emotional distress sufficient to justify an award of punitive damages under NRS 42.005 in an amount in excess of $15,000.00.

45.     Plaintiff has been compelled to engage the services of an attorney to prosecute this action and is entitled to an award of attorney's fees and costs incurred herein.

## FOURTH CLAIM FOR RELIEF

### (Mutual Mistake)

46.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 as though fully set forth herein.

47.     Plaintiff pleads this claim for relief in the alternative and without any prejudice to or any waiver of any other claim asserted in this Complaint.

48.     Kalifano and Sierra Health have shared a misconception about Mr. Khalaf's eligibility for health benefits under the Sierra Health Plan thereby making a mutual mistake.

49.     Mr. Khalaf being eligible for benefits under the Sierra Health Plan was a vital fact inducing Kalifano to continuously pay for Mr. Khalaf's premiums to Sierra Health.

50.     Because the parties made a mutual mistake about a vital fact upon which they based their bargain, Kalifano is entitled to the equitable remedy of recession and restitution of the Sierra Health Plan with respect to Mr. Khalaf, and Kalifano is entitled to a refund all of the premiums it paid for Mr. Khalaf under the Sierra Health Plan since Mr. Khalaf's relocation outside of USA.

51.     As a direct and proximate result of the mutual mistake, Kalifano had to retain the services of an attorney to file this action.   Therefore, Kalifano is entitled to an award of reasonable attorney's fees and costs of suit.

## FIFTH CLAIM FOR RELIEF

### (Unilateral Mistake)

52.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 51 as though fully set forth herein.

53.     Plaintiff pleads this claim for relief in the alternative and without any prejudice to or any waiver of any other claim asserted in this Complaint.

54.     Since Sierra Health never provided or intended to provide coverage for Kalifano's out-of-USA employees, Kalifano's interpretation of Sierra Health Plan with respect to Mr. Khalaf's eligibility

for coverage as of his relocation, was a unilateral mistake as to a basic assumption made by Kalifano in obtaining the subject health coverage.

55.     At all material times, Sierra Health knew or had reason to know, or should have known, that Kalifano had made this unilateral mistake.

56.     Sierra Health not providing health benefits to Mr. Khalaf since his relocation outside of the USA while charging Kalifano, has had an adverse material effect on Kalifano.

57.     Under the legal doctrine of unilateral mistake, Kalifano is entitled to the equitable remedy of recession and restitution of the Sierra Health Plan with respect to Mr. Khalaf and Kalifano is entitled to a refund all of the premiums it paid for Mr. Khalaf under the Sierra Health Plan since Mr. Khalaf's relocation outside of USA.

58.     As a direct and proximate result of the unilateral mistake, Kalifano had to retain the services of an attorney to file this action.   Therefore, Kalifano is entitled to an award of reasonable attorney's fees and costs of suit.

## SIXTH CLAIM FOR RELIEF

### (Negligent Misrepresentation)

59.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 58 as though fully set forth herein.

60.     Plaintiff pleads this claim for relief in the alternative and without any prejudice to or any waiver of any other claim asserted in this Complaint.

61.     At all material times, Sierra Health failed to exercise reasonable care or competence in communication to Kalifano that an employee's relocation outside of USA affects their eligibility under the Sierra Health Plan.

62.     Kalifano justifiably relied on Sierra Health's false information when it continued to believe that upon his relocation outside of USA, Mr. Khalaf continued to be covered under the Sierra Health Plan, and continued to pay for Mr. Khalaf's premiums.

63.     As a direct result of the negligent conduct of Sierra Health, Plaintiff sustained general, special and consequential damages, in an amount in excess of $15,000.00.

64.     As a direct and proximate result of the Sierra Health's negligent misrepresentation, Kalifano had to retain the services of an attorney to file this action.  Therefore, Kalifano is entitled to an award of reasonable attorney's fees and costs of suit.

### SEVENTH CLAIM FOR RELIEF

### (Unjust Enrichment)

65.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 64 as though fully set forth herein.

67.     Plaintiff pleads this claim for relief in the alternative and without any prejudice to or any waiver of any other claim asserted in this Complaint.

68.     Mr. Khalaf became ineligible for coverage under the Sierra Health Plan from the time he relocated outside of USA.  However, Sierra Health continued to collect premiums from Plaintiff for Mr. Khalaf's coverage under the Sierra Health Plan.  Sierra Health has been unjustly enriched by wrongfully collecting premiums without providing health benefits to Mr. Khalaf.  It would be inequitable and unjust for Sierra Health to retain such ill-gotten gains.

69.     It was necessary for Plaintiff to retain the services of an attorney to file this action. Therefore, Plaintiff is entitled to an award of reasonable attorney's fees and costs of suit.

### EIGHT CAUSE OF ACTION

### (Declaratory Relief)

70.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 69 as though fully set forth herein.

71.     The Court has the power to declare the rights and other legal remedies of the parties to this dispute.

72.     An actual and justifiable controversy has arisen between Plaintiff and Defendant Sierra Health as to whether Plaintiff is entitled to recover the premiums it paid for Mr. Khalaf since his relocation outside of the USA.

73.     These issues are ripe for judicial determination.

74. Plaintiff is entitled to receive a court order declaring that Sierra Health improperly and unlawfully collected premiums for Mr. Khalaf's health benefits while he resided outside of the USA.

**WHEREFORE,** Kalifano prays for judgment against Defendant as follows:

1. Rescission of the contract for Mr. Khalaf's health benefits under the Sierra Health Plan since his relocation outside of USA;

2. Repayment of all premiums Kalifano paid for Mr. Khalaf's health benefits under the Sierra Health Plan since his relocation outside of USA;

3. For compensatory damages in a sum according to proof at trial;

4. For special damages in a sum according to proof at trial;

5. For interest and pre-judgment interest at the statutory rate until the amount of judgment is paid in full;

6. For punitive damages in a sum according to proof at trial;

7. For a declaration as to the legal rights and responsibilities of Sierra Health to Kalifano;

8. For attorney's fees and costs of suit incurred;

9. For such other and further relief as the Court may deem appropriate.

DATED this 25th day of April, 2019.

JESSE SBAIH & ASSOCIATES, LTD.

By      /s/ Ines Olevic-Saleh
         Jesse M. Sbaih (#7898)
         Ines Olevic-Saleh (#11431)
         The District at Green Valley
         170 South Green Valley Parkway, Suite 280
         Henderson, Nevada 89012
                   *Attorneys for Plaintiff*

///
///
///
///
///

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff, by and through the law firm of Jesse Sbaih & Associates, Ltd., hereby demands a jury trial of all issues in the above-captioned matter.

DATED this 25th day of April, 2019.

JESSE SBAIH & ASSOCIATES, LTD.

By      _/s/ Ines Olevic-Saleh_____
        Jesse M. Sbaih (#7898)
        Ines Olevic-Saleh (#11431)
        The District at Green Valley
        170 South Green Valley Parkway, Suite 280
        Henderson, Nevada 89012
                _Attorneys for Plaintiff_