ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
JING ZHAO, ESQ.
Nevada Bar No. 11487
GORDON REES SCULLY MANSUKHANI, LLP
300 South 4th Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Facsimile: (702) 255-2858
E-Mail: rlarsen@grsm.com
        jzhao@grsm.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| KALIFANO, INC., | ) Case No.: 2:19-cv-00916 |
| Plaintiff, | ) EJDC Case No. A-19-793644-C |
| vs. | ) **JOINT STIPULATION AND PROPOSED ORDER TO STAY DISCOVERY PENDING COURT'S RULING ON MOTION TO DISMISS (ECF NO. 4) AND MOTION FOR REMAND TO STATE COURT (ECF NO. 7)** |
| SIERRA HEALTH AND LIFE INSURANCE COMPANY, INC.; a Nevada corporation; and DOES 1-10 and ROE CORPORATIONS 11-20 inclusive, | |
| Defendant. | |

Plaintiff Kalifano, Inc. ("Kalifano") and Defendant Sierra Health and Life Insurance Company, Inc. ("Sierra") (collectively "Parties"), by and through their respective counsel, stipulate and respectfully request the Court stay written discovery and depositions ("Joint Stipulation") pending the Court's ruling on Sierra's Motion to Dismiss (ECF No. 4) and Kalifano's Motion for Remand to State Court (ECF No. 7) (collectively "Pending Motions"). The Parties believe the proposed stay is in the Parties' and the Court's interest of minimizing cost, and efficiency.

In support of this request, the Parties provide the following information for the Court's consideration:

1. Pursuant to Local Rule 26-1(a), "plaintiff's attorney must initiate the scheduling of the conference required by Fed. R. Civ. P. 26(f) to be held within 30 days after the first defendant answers or otherwise appears." On April 25, 2019, Kalifano originally filed its

-1-

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

Complaint in the Eighth Judicial District Court in Clark County, Nevada, Case No. A-19-793644-C. On May 30, 2019, Sierra filed its Petition for Removal. (ECF No. 1.) On June 4, Sierra filed its Motion to Dismiss. (ECF No. 4.) On June 19, 2019, Kalifano filed its Motion to Remand to State Court. (ECF No. 7.)

2. Pursuant to Local Rule 26-1(d), "[f]ourteen days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order.

3. On July 15, 2019, the Parties held a conference to discuss discovery and case deadlines, and agreed to: (1) complete initial disclosures within twenty-one (21) days of filing this Joint Stipulation, and (2) enter a stipulation to extend discovery deadlines for written discovery and depositions ("Stay") for the following reasons:

4. Sierra's Motion to Dismiss (ECF No. 4) seeks to dismiss this action in its entirety because Plaintiff brings multiple state law claims related to premium Kalifano paid to Sierra on behalf of a Kalifano employee (ECF No. 1). Sierra alleges that Kalifano's claims are governed under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 28 U.S.C. §§ 1001 *et seq*. Sierra also alleges that any state law claims are preempted by ERISA and should be dismissed. Kalifano disputes the arguments raised in Sierra's Motion to Dismiss (ECF No. 6), and alternatively, seeks leave to Amend/Correct Complaint (ECF No. 9).

5. Kalifano's Motion for Remand (ECF No. 7) seeks remand because it alleges that its claims do not satisfy the ERISA preemption test. Kalifano alleges Kalifano's employee is not a participant and his claims could not have been brought under ERISA § 502(a)(1)(B), Kalifano also claims that it's state claims are rooted in Sierra's misrepresentation and impose duties independent of ERISA, and are therefore not subject to ERISA preemption. Sierra disputes the arguments raised in Kalifano's Motion for Remand. (ECF No. 14.)

6. The Parties agree it is in the best interest of all parties to await the Court's ruling on the Pending Motions prior to setting discovery deadlines and incurring the time and expense of propounding written discovery and conducting depositions in the event the Court dismisses

the action in whole or in part, or grants the remand. The Parties do not waive any argument and/or requested relief by agreeing to the Stay.

7. Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In exercising this discretion, a district court may stay discovery based on the filing of a motion that is "potentially dispositive of the entire case." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). See also *Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) ("Whether to grant a stay is within the discretion of the Court. . ."); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) ("discovery should be stayed while dispositive motions are pending only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law. . .") (internal quotations omitted). The Pending Motions are dispositive and raise purely legal questions that can be resolved without discovery. It is within the Court's power to grant a stay of discovery (other than the initial disclosures) at this time.

8. The parties agreed to the Stay to avoid the burden and expense of time-consuming and costly discovery. Rule 1 of the Federal Rules of Civil Procedure provides that the federal rules of practice should be "construed and administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding" (emphasis added). Staying discovery as requested in this case is consistent with the spirit and intent of the Federal Rules of Civil Procedure. Further, should the Court agree that this entire matter is governed under ERISA, and Plaintiff files an Amended Complaint alleging ERISA-based claims, it is the Defendants' position that discovery will be much narrower than if the state law claims remain part of the litigation. *See, e.g.*, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006) (holding that Ninth Circuit case law limits a district court to the administrative record when the court is reviewing a case on the merits for an abuse of discretion); *Neerdaels v. Group Short Term Disability & Long Term Disability Plan for Employees of Akamai Techs., Inc.*, 261 Fed. Appx. 7 (9th Cir. 2007) (affirming denial of motion to admit evidence outside the administrative record under an abuse of discretion standard of review). If the Stay is not granted, the parties

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1 will be required to engage in and incur the costs of discovery on issues which may be
2 unnecessary, burdensome and unfair.

3     9.    In order to preserve the parties' resources, and to promote judicial economy, the
4 parties have agreed, subject to the Court's approval, to a Stay until this Court rules on the
5 Pending Motions. The parties further stipulate to delayed submission of the stipulated discovery
6 plan and discovery order for fourteen (14) days after this Court rules on the Pending Motions.

7     10.    The Parties make this Joint Stipulation in good faith and not for the purposes of
8 delay.

DATED July 22, 2019.                          Dated July 22, 2019

GORDON REES SCULLY                 JESSE SBAIH & ASSOCIATES, LTD
MANSUKHANI, LLP

*/s/ Jing Zhao*                              */s/ Ines Olevic-Saleh*
Robert S. Larsen, Esq.                     Jesse M. Sbaih, Esq.
Jing Zhao, Esq.                               Ines Olevic-Saleh, Esq.
300 South Fourth Street, Suite 1550      The District at Green Valley Ranch
Las Vegas, Nevada 89101                 170 South Green Valley Parkway
                                                 Suite 280
*Attorneys for Defendant*                  Henderson, NV 89012

                                                 *Attorneys for Plaintiff*

**ORDER**

     IT IS SO ORDERED.

                            _____
                            UNITED STATES MAGISTRATE JUDGE

                            DATED: July 23, 2019