# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KALIFANO, INC.,

        Plaintiff,

vs.

SIERRA HEALTH AND LIFE INSURANCE COMPANY, INC.,

        Defendant.

Case No.: 2:19-cv-00916-GMN-DJA

**ORDER**

Pending before the Court is Defendant Sierra Health and Life Insurance Company, Inc.'s ("Defendant's") Motion to Dismiss, (ECF No. 4). Plaintiff Kalifano, Inc. ("Plaintiff") filed a Response, (ECF No. 6), and Defendant filed a Reply, (ECF No. 11). Also pending before the Court are Plaintiff's Motion to Remand, (ECF No. 7), and Motion to Amend/Correct the Complaint, (ECF No. 9). Defendant filed Responses, (ECF Nos. 13, 14), and Plaintiff filed Replies, (ECF Nos. 15, 16). For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand and **DISMISSES as moot** Defendant's Motion to Dismiss and Plaintiff's Motion to Amend/Correct the Complaint.

## I. BACKGROUND

This action arises from Defendant's health care coverage of Plaintiff's employees, which began on August 22, 2001 ("Sierra Health Plan"). (Compl. ¶¶ 6–7, Ex. A to Pet. Removal, ECF No. 1). At the inception of coverage, Ismat Khalaf ("Khalaf") was one of Plaintiff's employees who became enrolled in the Sierra Health Plan. (*Id.* ¶ 10). Khalaf moved out of the United States in 2005 to the country of Jordan and then to China as part of Plaintiff's international operation—all while continuing to serve as a full-time employee for Plaintiff. (*Id.* ¶ 11).

On July 17, 2017, Defendant informed Plaintiff that Khalaf was ineligible for health care coverage under the Sierra Health Plan as of the time Khalaf moved outside the United States. (*Id.* ¶ 15). Defendant then terminated Khalaf's health care coverage retroactively, effective May 31, 2017. (*Id.* ¶ 16). However, between 2005 and July 17, 2017, Defendant had "continued to charge [Plaintiff] for Mr. Khalaf's health benefits under the Sierra Health Plan." (*Id.* ¶ 14). Also, according to Plaintiff, "[a]t no time prior to July 17, 2017 did [Defendant] or any of its agents advise [Plaintiff] that the Sierra Health Plan does not provide health benefits to employees who reside out of the United States, that an employee's move outside of the United States makes them ineligible under the Sierra Health Plan, or that an employee's move outside of the United States needs to be reported to Sierra Health." (*Id.* ¶ 13).

In light of Defendant's July 17, 2017 notice of Khalaf's non-coverage, Plaintiff requested a refund from Defendant for "health insurance premiums paid on behalf of Mr. Khalaf from the time he moved out of the USA through May 31, 2017." (*Id.* ¶ 17). Defendant refunded $3,972.35 (roughly sixty-days' worth of premiums), but refused to refund more. (*Id.* ¶ 18).

To recover the premiums that Plaintiff paid for Khalaf's coverage under the Sierra Health Plan between 2005 and 2017, Plaintiff commenced this action in the Eighth Judicial District Court for Clark County, Nevada ("Nevada state court") by filing its Complaint on April 25, 2019. (Compl., ECF No. 1). Plaintiff asserts eight claims for relief in the Complaint: (1) fraud; (2) breach of contract; (3) breach of covenant of good faith and fair dealing/common law bad faith; (4) mutual mistake; (5) unilateral mistake; (6) negligent misrepresentation; (7) unjust enrichment; and (8) declaratory judgment. (*Id.* ¶¶ 20–74).

On May 30, 2019, Defendant removed this case from Nevada state court to this Court by filing its Petition for Removal, (ECF No. 1). Defendant asserts that the Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint arises under the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C.

§ 1001 *et. seq.* since it seeks "to recover payment for employee health care coverage from an employer based plan governed by ERISA." (Pet. Removal ¶ 4).

Four days after removing this action, Defendant filed its Motion to Dismiss, (ECF No. 4). Then, just over two weeks later, Plaintiff filed its Motion to Remand, (ECF No. 7), and a Motion to Amend/Correct the Complaint, (ECF No. 9).

## II. <u>LEGAL STANDARD</u>

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a plaintiff's

complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss becomes a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B.     Motion to Remand**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Generally, district courts have subject matter jurisdiction over civil actions in two instances: (1) if the claims arise under federal law; and (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1331; 28 U.S.C. § 1332(a).

If a plaintiff files a civil action in state court, the defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. UpJohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

## III. DISCUSSION

Plaintiff's Complaint brings only state-law causes of action that do not, on their face, raise issues of federal law. (*See* Compl. ¶¶ 20–74). Defendant nevertheless removed the case to federal court on the ground that each of Plaintiff's claims are completely preempted by § 502(a) of ERISA, 29 U.S.C. § 1132(a).[1] (Pet. Removal 3:8–6:11, ECF No. 1). Indeed, "complete preemption" under § 502(a) of ERISA is an exception to the general rule of removal being improper when the complaint does not explicitly allege a federal claim. *Rudel v. Hawai'i Mgmt. All. Ass'n*, 937 F.3d 1262, 1269 (9th Cir. 2019), *cert. denied sub nom. HI Mgmt. All. Assoc. v. Rudel*, No. 19-752, 2020 WL 871750 (U.S. Feb. 24, 2020). By contrast, "express preemption" under § 514 of ERISA, 29 U.S.C. 1144(a), is not such an exception to the general rule of removal. *Id.* ("Section 514, however, does not confer federal jurisdiction"); *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (explaining that "complete preemption" by § 502(a) permits removal, but preemption under § 514 of ERISA "is an insufficient basis for original federal question jurisdiction under [28 U.S.C.] § 1331(a) and removal jurisdiction under [28 U.S.C.] § 1441(a)."). Defendant also uses that same basis of

---

[1] Neither party disputes that the Sierra Health Plan is an employee welfare plan governed by ERISA. (*See* Def.'s Resp. 4:10–12, ECF No. 11).

"complete preemption" to argue for dismissal of Plaintiff's state-law claims under Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss 1:20–28, ECF No. 4).

The below discussion addresses whether "complete preemption" applies here, since complete preemption dictates the Court's federal subject-matter jurisdiction over the case. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("'Without jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case."). If any claim by Plaintiff is subject to complete preemption by § 502(a) of ERISA, removal is proper as to the whole case. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 13 (1983); *Marin Gen. Hosp.*, 581 F.3d at 947. Moreover, it is Defendant's burden as the removing party to prove that complete preemption by § 502(a) applies here. *See, e.g.*, *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998).

Complete preemption by § 502(a) exists if two prongs are satisfied: (1) the plaintiff, at some point in time, could have brought a claim under § 502(a); and (2) the defendant's actions do not implicate any other independent legal duties. *Rudel*, 937 F.3d at 1271. Both prongs of this test must be satisfied in order for preemption by § 502(a) to apply. *Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1108 (9th Cir. 2011).

On the first prong of complete preemption, Defendant argues that Plaintiff could have brought its claims under § 502(a)(1)(B) of ERISA. (Mot. Dismiss 6:24–8:10). To decide whether Plaintiff could have brought its claims under § 502(a)(1)(B), the Court "examine[s] the substance of the claim, rather than its form."[2] *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 667 (9th Cir.), *cert. denied*, 140 S. Ct. 223 (2019).

---

[2] "The 'possible claims' under 29 U.S.C. § 1132(a) are '(1) an action to recover benefits due under the plan; (2) an action for breach of fiduciary duties; and (3) a suit to enjoin violations of ERISA or the [p]lan, or to obtain other equitable relief' to redress ERISA or plan violations." *Depot, Inc.*, 915 F.3d at 667.

But before discussing whether the substance of Plaintiff's claims emulate § 502(a)(1)(B), the Court must first consider whether Plaintiff would even have standing to bring a claim under § 502(a)(1)(B). *See, e.g.*, *McGill v. Pac. Bell Tel. Co.*, 139 F. Supp. 3d 1109, 1117 (C.D. Cal. 2015); *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1350 (11th Cir. 2009) ("The first inquiry [of complete preemption] . . . is satisfied if two requirements are met: (1) the plaintiff's claim must fall within the scope of ERISA; and (2) the plaintiff must have standing to sue under ERISA."). In pertinent part, ERISA § 502(a)(1)(B) provides:

> "[a] civil action may be brought—(1) by a participant or beneficiary—... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Notably, "employer" is not listed as one who may bring a claim under § 502(a)(1)(B). Defendant attempts to overcome that absent language by citing to *Fentron Industries, Inc., v. National Shopmen Pension Fund*, where the Ninth Circuit stated "we do not believe that Congress, in enacting ERISA, intended to prohibit employers from suing to enforce its provisions . . . In view of the intent of Congress to protect employer-employee relations, we hold that the statute does not prohibit employers from suing to enforce its provisions."[3] 674

---

[3] Plaintiff argues that its standing to sue under § 502(a)(1)(B) is tied directly with whether Khalaf would have standing as a "participant" under § 502(a)(1)(B). (Pl.'s Reply 2:17–23, ECF No. 16). "[T]he term 'participant' is naturally read to mean either 'employees in, or reasonably expected to be in, currently covered employment,' or former employees who 'have . . . a reasonable expectation of returning to covered employment' or who have 'a colorable claim' to vested benefits." *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) (internal citations omitted). According to Plaintiff, Khalaf was not a "participant" under the Sierra Health Plan (and still is not) because his move abroad made him ineligible for benefits. (*Id.*). Plaintiff thus contends that because Khalaf could not assert claims as a "participant" under § 502(a)(1)(B), and thus does not have standing under that provision, neither could Plaintiff. However, Plaintiff provides no authority showing that an employer's standing to bring a claim under § 502(a)(1)(B) automatically matches that of its employee for purposes of an ERISA claim just because the employer's claims stem from extra contributions made as to that employee. The Court consequently proceeds under the standard that Plaintiff's independent status as an employer dictates whether it has standing to pursue its claims under § 502(a)(1)(B).

F.2d 1300, 1305 (9th Cir. 1982). Defendant accordingly claims Plaintiff "has just as much standing to sue under ERISA as participants or beneficiaries," which means Plaintiff could have brought its claims under § 502(a)(1)(B) regardless of that provision's limited list. (Def.'s Resp. 3:25–4:1, ECF No. 14).

Defendant's reliance on *Fentron* is questionable, as is its assertion that an "employer" has just as must standing as a "participant" or "beneficiary" under § 502(a)(1)(B). Courts have consistently recognized that the reasoning in *Fentron* has been severely questioned, largely undermined, and "twice repudiated by the United States Supreme Court." *See Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1265, n.3 (9th Cir.1992) ("The reasoning of *Fentron* has twice been repudiated by the United States Supreme Court" and "has also been uniformly rejected by other circuits and by commentators."); *Pilkington PLC v. Perelman*, 72 F.3d 1396, 1401 (9th Cir. 1995) ("*Fentron* has been largely undermined by subsequent Supreme Court authority."); *Chasan v. The Garrett Grp.*, No. 06CV1090WQH(NLS), 2007 WL 173927, at *4 (S.D. Cal. Jan. 18, 2007) ("The reasoning in *Fentron*, however, has been severely questioned by both this Circuit and other Circuits."). *Cf. Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985, 988 (4th Cir. 1990) ("*Fentron* has been widely criticized and narrowed within its own circuit."). Courts' repudiation of *Fentron* stem from later decisions by the United States Supreme Court, where the Court explained how ERISA carefully enumerates the parties entitled to seek relief under § 502(a) and have standing to bring claims thereunder. *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 27; *see also Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) ("[W]e have noted that ERISA's 'carefully crafted and detailed enforcement scheme provides strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.'"). Specifically, in *Franchise Tax Board*, the Court stated that "ERISA carefully enumerates the parties entitled to seek relief under § 502; it does not provide anyone other than participants, beneficiaries, or fiduciaries

with an express cause of action" and thus "a suit for similar relief by some other party does not 'arise under' that [§ 502]." *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 27; *Cripps*, 980 F.2d at 1265.

In light of the developed caselaw after *Fentron*, and the US Supreme Court's later decisions, the Court aligns itself with recent caselaw and finds that Plaintiff does not have standing to bring a claim under § 502(a)(1)(B) in its capacity as an employer for Khalaf. *See, e.g.*, *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372, n.8 (4th Cir. 2003); *Dime Coal Co., Inc. v. Combs*, 796 F.2d 394, 397 (11th Cir. 1986); *Chasan v. The Garrett Grp.*, No. 06CV1090WQH(NLS), 2007 WL 173927, at *4 (S.D. Cal. Jan. 18, 2007) ("The Court concludes that Chasan Inc.'s argument that employers have standing to bring suit under ERISA is contrary to the statutory scheme and the majority of relevant case law."); *Callaway Golf Co. v. Screen Actors Guild, Inc.*, No. 07CV0373-LAB (WMC), 2009 WL 10672729, at *4 (S.D. Cal. Mar. 30, 2009). Moreover, it is Defendant's burden as the removing party to prove that the Court has subject-matter jurisdiction.[4] By failing to identify provisions other than § 502(a)(1)(B) where Plaintiff has standing and would support complete preemption, Defendant's argument in support of removal fails at the first prong of the test for complete preemption by § 502(a) of ERISA.

Courts may permit claims by an employer to proceed under § 502(a)(1)(B) when the employer stands in the shoes of an employee as a "participant" through an assignment or when

---

[4] To support its argument that Plaintiff has standing to bring a claim under § 502(a), Defendant cites a decision from this District, *Trustees of Operating Engineers Pension Tr. v. Tab Contractors, Inc.*, 224 F. Supp. 2d 1272, 1281 (D. Nev. 2002), for the position that *Fentron* remains good law insofar as it recognizes an employer's right to sue for mistaken contributions under ERISA. That decision, however, recognized that *Fentron's* holding of an employer's ability to sue under 29 U.S.C. § 1132(e) of ERISA for repayment of mistaken contributions "is arguably no longer good law." *Id.* And while *Tab Contractors Inc.* found subject-matter jurisdiction over an indemnification claim under ERISA, that finding largely centered on recognition of an implied cause of action for the return of mistakenly paid contributions under § 403(c)(2)(A) of ERISA, 29 U.S.C. § 1103(c)(2)(A). *Id.* Also, here the issue does not center on some potential federal claim existing, but rather whether removal is appropriate because a claim is completely preempted by § 502(a)(1)(B) of ERISA.

an employer alleges facts showing they are a "fiduciary" for an ERISA-governed plan. *See, e.g.*, *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 892 (5th Cir. 2003); *Doctors Med. Ctr. of Modesto, Inc. v. Principal Mut. Life Ins. Co.*, No. CIV. 08-1496 WBS EFB, 2008 WL 11385596, at *3 (E.D. Cal. Sept. 2, 2008). Here, however, the Complaint alleges neither an assignment nor "beneficiary" or "fiduciary" status for Plaintiff. In fact, Plaintiff states that it is "not looking to enforce Mr. Khalaf's rights under the plan" and "is not looking to clarify Mr. Khalaf's rights to future benefits." (Pl.'s Reply 2:3–5, ECF No. 16). The Court accordingly does not have a basis to view Plaintiff's claims as actionable under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a). *See Chasan*, 2007 WL 173927, at *4.

Plaintiff's state-law claims could be subject to ERISA preemption outside § 502(a). However, as explained above, preemption outside § 502(a) is not a basis for removal. *See, e.g., Toumajian*, 135 F.3d at 655. The Court accordingly grants Plaintiff's Motion for remand of this case to Nevada state court. *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400–01 (3d Cir. 2004), *as amended* (Dec. 23, 2004) (holding that removal was improper because the entity did not have standing to bring an action under § 502(a), and so its state-law claim for breach of contract was not subject to complete preemption). Without subject-matter jurisdiction, the Court refrains from evaluating the merits of Defendant's Motion to Dismiss and dismisses it as moot.[5]

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 7), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, (ECF No. 4), is

---

[5] Plaintiff's Motion to Amend/Correct the Complaint, (ECF No. 9), contends that, in the event the Court finds jurisdiction and is inclined to grant Defendant's Motion to Dismiss, Plaintiff then seeks leave to amend its Complaint to seek relief under ERISA. Because the Court does not find subject-matter jurisdiction over Plaintiff's Complaint, the Court dismisses Plaintiff's Motion to Amend/Correct as moot.

**DISMISSED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint, (ECF No. 9), is **DISMISSED as moot**.

The Clerk of Court shall close the case.

**DATED** this __24__ day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court